AO 91
Rev. 11/82

ORIGINAL

## CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA v. JUAN CARLOS MEZA, aka "Carlos Meza," aka "Juan Carlos Meza Gonzalez," | DOCKET NO. |
| | MAGISTRATE'S CASE NO. 07 - 1818M |

FILED
CLERK, U.S. DISTRICT COURT
OCT 30 2007
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation.

| NAME OF MAGISTRATE JUDGE **HON. JACQUELINE CHOOLJIAN** | UNITED STATES MAGISTRATE JUDGE | LOCATION Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE June 11, 2007 | PLACE OF OFFENSE Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION :

On or about June 11, 2007, defendant JUAN CARLOS MEZA, also known as ("aka") "Carlos Meza," aka "Juan Carlos Meza Gonzalez," an alien who had been officially removed from the United States on or about April 11, 2002, and September 29, 2006, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary for Homeland Security, to reapply for admission to the United States following defendant's removals.

At least one of defendant's previously alleged removals from the United States occurred subsequent to defendant's conviction for the following aggravated felony: Possession for Sale of a Controlled Substance, to wit, Methamphetamine, in violation of California Health and Safety Code Section 11378, on or about April 7, 2006, in the Superior Court of California, County of Los Angeles, Case Number VA093096, a drug trafficking offense for which defendant was sentenced to one year and four months imprisonment.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
    (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT RON OKI |
|---|---|
| | OFFICIAL TITLE Deportation Officer - ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE October 30, 2007 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

SAUSA BROCK H. LUNSFORD    REC: DETENTION

## A F F I D A V I T

I, Ron Oki, being duly sworn, do hereby depose and say:

1.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since September 2007.  I am currently assigned to the Los Angeles Detention and Removal Operations Unit.  Prior to working for ICE, I worked as a Special Agent with INS, since June 1996.

2.    This affidavit is made in support of a criminal complaint against JUAN CARLOS MEZA ("MEZA"), also known as ("aka") "Carlos Meza," aka "Juan Carlos Meza Gonzalez," charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into, this matter.

3.    On October 4, 2007, DO Rafael Lugo notified me that MEZA, a previously deported criminal alien, was present in the United States and in the administrative custody of the ICE Los

Angeles Branch.  Based on this notification, I undertook the present investigation of MEZA.

4.    Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

5.    On October 5, 2007, I obtained and reviewed DHS A-File A76-622-723, which is maintained for the subject alien "JUAN CARLOS MEZA."  The A-File contained the following documents and information:

a.    Photographs of the alien subject to whom DHS A-File A76-622-723 corresponds.  I compared these photographs to the ICE booking photographs of MEZA taken on or about October 3, 2007.  These photographs depict the same person.  Thus, I determined that DHS A-File A76-622-723 and its contents correspond to MEZA.

b.    Two executed Warrants of Removal/Deportation indicating that MEZA was officially removed and deported from the United States on April 11, 2002, and September 29, 2006.  I know

2

from my training and experience that a Warrant of
Removal/Deportation is executed each time a subject alien is
removed and deported from the United States by ICE (and its
predecessor agency, INS) and usually contains the subject's
photograph, signature, and/or fingerprint.  The executed Warrants
of Removal/Deportation in MEZA's A-File contain his photograph,
signature, and fingerprint, as well as the signature of the
immigration official who witnessed MEZA's official removal from
the United States.

      c.   A certified copy of conviction record showing that
MEZA was convicted on April 7, 2006, of Possession for Sale of a
Controlled Substance, to wit, methamphetamine, in violation of
California Health and Safety Code Section 11378, in the Superior
Court of California, County of Los Angeles, Case Number VA093096,
for which MEZA was sentenced to one year and four months
imprisonment.

      d.   Records indicating additional criminal
convictions.  These records indicate that on June 14, 2005, MEZA
was convicted of Battery of a Peace Officer, in violation of
California Penal Code Section 243(b), and Possession of a
Controlled Substance, in violation of California Health and
Safety Code Section 11377(a), for which MEZA was sentenced to two
hundred fifty days in county jail.  These records further

3

indicate that on June 1, 2005, MEZA was convicted of False
Identification to a Peace Officer, in violation of California
Penal Code Section 148.9(a), for which MEZA was sentenced to six
days in jail.  These records further indicate that on March 16,
2005, MEZA was convicted of Willful Infliction of Corporal
Injury, in violation of California Penal Code Section 273.5(a),
for which MEZA was sentenced to three years of probation.  These
records further indicate that on March 15, 2004, MEZA was
convicted of Possession of a Controlled Substance, in violation
of California Health and Safety Code Section 11377(a), for which
MEZA was sentenced to ninety days in county jail.  These records
further indicate that on January 9, 2004, MEZA was convicted of
Carrying a Loaded Firearm, in violation of California Penal Code
Section 12031(a)(1), and Resisting Arrest, in violation of
California Penal Code Section 148(a)(1), for which MEZA was
sentenced to sixty days in county jail.  These records further
indicate that on March 5, 2002, MEZA was convicted of Battery, in
violation of California Penal Code Section 243(e)(1), for which
MEZA was sentenced to thirty days in county jail.

        e.    A DHS Immigration Detainer (Form I-247), dated
June 11, 2007.  Based upon my review of the detainer and my
training and experience, I was able to determine that DO Lugo
placed the detainer on MEZA as part of his routine assigned

                                4

duties to identify and interview suspected criminal aliens present in the Los Angeles area, and MEZA was released to ICE custody on or about October 3, 2007.

      f.   Various documents indicating MEZA is a native and citizen of Mexico. These documents include: (i) a Mexican birth certificate and Certified English Translation of the birth certificate dated September 30, 1997, indicating that MEZA was born in Guadalajara, Jalisco, Mexico on December 1, 1980; (ii) a summary Order of the Immigration Judge dated April 10, 2002, ordering MEZA deported to Mexico; and (iii) a Record of Sworn Statement dated March 1, 2003, in which MEZA admitted that he is a citizen of Mexico and that he was born in Mexico.

6.   On October 5, 2007, I reviewed the printouts of the California Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that MEZA had been convicted of the crimes reflected in the documents contained in MEZA's DHS A-File, described above.

7.   On October 5, 2007, I reviewed the printouts of ICE computer indices on MEZA. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported and removed from the United States by ICE,

5

was deported by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that MEZA had been deported and removed on the dates indicated on the Warrants of Removal/Deportation found in MEZA's DHS A-File. The ICE computer indices further indicated that MEZA had not applied for or obtained permission from the Attorney General or his designated successor, the Secretary of Homeland Security, to re-enter the United States legally since MEZA had last been deported and removed.

8.    Based on my review of MEZA's DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General or his designated successor, the Secretary of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in MEZA's DHS A-File.

9.    Based on my investigation, training and experience, I determined that MEZA is an alien that is a citizen of Mexico who illegally re-entered the United States without permission.

6

10.   Based on the foregoing facts, there is probable cause to believe that JUAN CARLOS MEZA has violated Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.


Ron Oki
Deportation Officer - ICE


Subscribed and sworn to before me

on this 2th day of October 2007.


UNITED STATES MAGISTRATE JUDGE

7